## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STACY HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 04-1328-JTM** |
| ) | |
| MCI, a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's (1) objection to MCI's "records subpoena" and (2) motion for a protective order prohibiting any further discovery of plaintiff's current employer. (Doc. 8). For the reasons set forth below, plaintiff's objection shall be overruled and the motion for a protective order denied.

### Background

This is an action by plaintiff against her former employer. Highly summarized, plaintiff alleges that she worked as a "Human Resources Generalist" at MCI's Wichita facility. On June 25, 2004, MCI notified plaintiff and other employees that the Wichita facility was closing and that they would be terminated effective August 24, 2004. However, MCI offered severance benefits to plaintiff if she continued working "through the close of business [August 24]."

Plaintiff alleges that her supervisor, Kimberly Brown, orally agreed that plaintiff could

work an "adjusted schedule" the week leading up to the August 24 closing and still receive severance benefits. Plaintiff then accepted employment with a new company, Fiserv Health Kansas, who required her to begin work immediately. When plaintiff advised MCI about the new job, Ms. Brown "reneged" on the oral agreement to allow plaintiff to work an adjusted schedule. MCI also refused to pay the severance benefits. Plaintiff filed suit alleging a breach of contract for failure to allow her to work an adjusted schedule and pay the severance benefits.[1]

MCI notified plaintiff that it intended to issue a subpoena to Fiserv Health for business records and documents related to plaintiff's (1) job application, (2) interview, (3) specific hours worked from the date of hire to August 24, and (4) plaintiff's wages to the present. As noted above, plaintiff objects to the records subpoena and also seeks a protective order prohibiting *any* further discovery requests of Fiserv Health.

**Analysis**

Plaintiff argues that the proposed subpoena is "only designed to annoy, embarrass, and harass plaintiff by alerting her current employer to the fact she has a pending lawsuit against her previous employer." Plaintiff also argues that the requested information has no relevance

---

[1]

     Plaintiff also asserts claims of (1) fraudulent misrepresentation, (2) negligent misrepresentation, (3) intentional interference with a business advantage or relationship, and (4) negligence. These claims related to employment recommendations Brown provided to Raytheon. Plaintiff contends Raytheon did not hire her because of Brown's misrepresentations.

to any issues in this lawsuit or, in the alternative, the information can be secured from other sources.[2]   MCI counters that the information requested is relevant because plaintiff may have made statements to Fiserv  Health during the interview and hiring process concerning her employment and work schedule with MCI.   MCI also argues that the requested wage information is relevant to plaintiff's damage claim and that plaintiff has failed to make a sufficient showing for the issuance of a protective order.

The court is satisfied that the information requested in the subpoena is relevant. Contrary to plaintiff's argument, the subpoena is not a "fishing expedition" but rather is reasonably calculated to lead to evidence related to issues in this case.   For example, it would not be unusual during the interview and hiring process for a prospective employer and job candidate to discuss a start date and any work commitments or obligations that the applicant might have with her current employer.   In responding to such questions, plaintiff may have made statements or admissions concerning her work obligations with MCI.   Under the circumstances, MCI's attempt to determine whether Fiserv Health has any record of statements or admissions by plaintiff is not unreasonable.   Moreover, MCI's request for wage information is relevant to plaintiff's claim for damages.   Plaintiff's objection based on a lack of relevance is overruled.

In addition to finding relevance, the court is not persuaded that plaintiff has made a sufficient showing of annoyance, embarrassment, or harassment to justify issuance of a

---

[2]

For example, plaintiff contends that wage information can be determined from her paycheck stubs; therefore, it is unnecessary to contact Fiserv for plaintiff's earnings.

protective order prohibiting *any* further discovery requests to Fiserv Health. Plaintiff expresses concern that her current employer will learn of her pending lawsuit; however, as a practical matter, her employer may already know about this lawsuit because the suit is a matter of public record.[3]  Moreover, even if Fiserv Health currently has no knowledge of this lawsuit, Fiserv will most likely learn of the suit when plaintiff requests leave for her deposition and/or trial.  Although the court is sensitive to the anxieties plaintiff may experience in filing a lawsuit, the proposed subpoena is not unusual and the argument that her current employer will learn about this lawsuit is not a legally sufficient basis for issuance of a protective order.

**IT IS THEREFORE ORDERED** that plaintiff's objection to MCI's subpoena is **OVERRULED** and her motion for a protective order (**Doc. 8**) is **DENIED.**  MCI may serve its records subpoena on Fiserv Health.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 14th day of January 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

_____

[3]  Newspapers in this community regularly list new lawsuits.